IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

L.J., a minor, by and through his next friend and,
Mother, CETERA JONES; and CETERA JONES,
individually,

    Plaintiffs**.**

v.

MEMPHIS-SHELBY COUNTY SCHOOLS;
SHELBY COUNTY, TENNESSEE;
FLOYD BONNER, JR., THE SHERIFF OF
SHELBY COUNTY, in his official capacity;
JOHN DOE, School Resource Officer, in his
individual and official capacities;
NEKIA PATTON, in her Individual
Capacity; RHONDA MITCHELL, in her
Individual Capacity; and JOHN/JANE DOES 1–10;

    Defendants.

No.:_____

**JURY DEMAND**

---

## COMPLAINT

---

### INTRODUCTION

1. This civil-rights and disability-discrimination action seeks damages and equitable relief for the unlawful seizure, excessive force, and disability-based discrimination committed against a then–seven-year-old child, L.J., who at all times relevant had an Individualized Education Program ("IEP") pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*., (IDEA).

2. When L.J. experienced a disability-related behavioral outburst at school on November 22, 2024, a School Resource Officer (SRO)—John Doe—threw the child into a bookcase and onto the

1

ground, handcuffed him behind his back with metal handcuffs, and transported him in a police-like vehicle rather than employing de-escalation.

3. As a result of L.J. being subjected to unnecessary and excessive handcuffing, Plaintiffs experienced pain, fear, and emotional trauma, and L.J experienced an exacerbation of his disabilities.

4. In 2009, the U.S. Government Accountability Office (GAO) published a nationwide study documenting hundreds of alleged incidents of restraint and seclusion in schools from 1990 to 2009, including 20 incidents causing death. Virtually all of the incidents identified by the GAO involved children with disabilities. The same year, in testimony before the House Education and Labor Committee, the GAO presented its study and reported on the risks of injury and death related to the use of restraint and seclusion on children. The GAO explained that even if no physical injury is sustained, individuals can be severely traumatized during restraint.

5. Tennessee passed its own Special Education Behavioral Supports Act in mid-2008. Tenn. Code Ann. § 49-10-1301, *et seq*. The Act and corresponding state board of education rules and regulations explicitly prohibit mechanical restraints in schools. *Id.*; *see also*, Tenn. Comp. R. & Regs. 0520-01-09-.23. Instead, physical restraint of students is allowed only in a true emergency involving imminent danger of serious physical harm, never to compel compliance or as punishment, and requires positive behavioral supports, de-escalation, documentation, and prompt parental notification. *Id*.

6. Plaintiffs seek permanent injunctive relief to prohibit Defendants from authorizing or employing the unnecessary and excessive use of physical restraint and handcuffing on schoolchildren, including those with disabilities, and to compel Defendants to revise their policies, practices, and trainings accordingly. Plaintiffs further seek an order declaring Defendants' conduct

to be unconstitutional and to be in violation of the Americans with Disabilities Act, Section 504, and state law. Plaintiffs also seek compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE, AND IDEA EXHAUSTION

7. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4). The Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.

8. Venue is proper in the Western District of Tennessee, Western Division at Memphis, under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Shelby County, Tennessee.

9. Plaintiffs' claims challenge unlawful seizure, use of force, and disability discrimination rather than the denial of a free appropriate public education. Accordingly, administrative exhaustion under the IDEA is not required.

## PARTIES

10. Plaintiff L.J. is a minor who was seven years old and in the second grade at Levi Elementary School on November 22, 2024. He is a student with a disability who, at all relevant times, received special education services under an IEP from Memphis-Shelby County Schools. He sues by and through his mother and next friend, Cetera Jones.

11. Plaintiff Cetera Jones is L.J.'s mother. She also asserts individual claims for her own injuries and for medical and related expenses incurred on behalf of her minor child. Plaintiffs reside in Shelby County, Tennessee.

12. Defendant Memphis–Shelby County Schools (MSCS) is a local education agency and public entity under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq.*, (ADA), and a recipient of federal financial assistance subject to Section 504 of the

Rehabilitation Act of 1973, 29 U.S.C. § 794 (Section 504). Levi Elementary School is a school in MSCS's district.

13. Defendant Shelby County, Tennessee, is a municipal entity subject to Title II of the ADA and, upon information and belief, a recipient of federal financial assistance. Through the Shelby County Sheriff's Office, it provides law-enforcement services, including deputies assigned as SROs to MSCS schools.

14. Defendant Floyd Bonner, Jr., is the Sheriff of Shelby County and is sued in his official capacity as final policymaker for training, supervision, practices, and discipline within the Sheriff's Office, including policies governing SROs assigned to MSCS schools.

15. Defendant John Doe is the SRO involved in the incident. He is sued in his individual capacity and in his official capacity as an employee/agent of either MSCS or Shelby County (to be clarified in discovery).

16. Defendant Nekia Patton is the principal of Levi Elementary School, is sued in her individual capacity and in his official capacity as an employee/agent of MSCS, and participated in, directed, ratified, or failed to intervene in the events described below.

17. Defendant Rhonda Mitchell is a special education teacher at Levi Elementary School, is sued in her individual capacity and in his official capacity as an employee/agent of MSCS, and participated in, directed, ratified, or failed to intervene in the events described below.

18. Defendants John/Jane Does 1–10 are MSCS and/or Shelby County administrators, employees, or policymakers whose identities are presently unknown who participated in, directed, ratified, or failed to intervene in the events described below.

## FACTUAL ALLEGATIONS

19. On November 22, 2024, at Levi Elementary School in Memphis, Shelby County, Tennessee, L.J. experienced a disability-related behavioral episode during which he allegedly threw objects and struck staff.

20. Rather than employing de-escalation and disability-appropriate interventions consistent with L.J.'s IEP and state law, school staff summoned SRO John Doe.

21. John Doe threw L.J. into a bookcase and onto the ground, wrenched his arms behind his back, and handcuffed the seven-year-old with metal handcuffs behind his back (a mechanical restraint).

22. While L.J. was still handcuffed, John Doe placed L.J. in the back of a school SRO vehicle; L.J.'s special-education teacher, Rhonda Mitchell, and the principal, Nekia Patton, entered the vehicle; and John Doe drove to L.J.'s home.

23. Once they arrived, Ms. Jones heard L.J. screaming in distress. She saw that he was handcuffed and demanded his immediate release.

24. Ms. Jones also observed L.J. had a black eye that he did not have that morning. She called 911, and law enforcement responded.

25. The Tennessee Department of Children's Services ("DCS") was notified. To date, Ms. Jones has not received a DCS report.

26. At no time did L.J. present an imminent threat that required throwing him into furniture, taking him to the ground, handcuffing him, or transporting him by police vehicle. Less intrusive, reasonable modifications and parental involvement were available.

27. As a direct and proximate result, L.J. suffered physical injury (including facial injury/black eye and pain from the takedown and handcuffing), severe emotional distress, and an exacerbation of his disabilities.

28. On information and belief, MSCS and Shelby County/Sheriff failed to adopt, implement, train, and supervise policies to ensure compliance with Tennessee's Special Education Behavioral Supports Act, corresponding State Board rules and regulations, including prohibiting mechanical restraints, limiting any physical holding restraint to true emergencies, documenting and notifying parents, and providing annual training in positive behavioral supports and crisis de-escalation.

29. On information and belief, MSCS and Shelby County/Sheriff have ratified or been deliberately indifferent to a pattern or practice of using law-enforcement tactics and mechanical restraints on elementary students with disabilities in lieu of reasonable modifications and positive supports.

## CAUSES OF ACTION

### COUNT I
**Unreasonable Seizure and Excessive Force
In Violation of the U.S. Constitution
Fourth & Fourteenth Amendments
42 U.S.C. § 1983**

30. Plaintiffs incorporate the preceding paragraphs. The SRO seized L.J. and used objectively unreasonable force by throwing him into a bookcase and to the ground, handcuffing him behind his back, and transporting him without parental consent—far exceeding what was necessary given his age, size, and disabilities.

31. The U.S. Constitution protects against unreasonable seizures and excessive force. "[T]he reasonableness of a particular seizure depends not only on *when* it is made, but also on *how* it is

carried out." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Whether a seizure is unreasonable and unconstitutional depends upon the totality of the circumstances.

32. The seizures of Plaintiff L.J. was unreasonable in light of the totality of the circumstances, including but not limited to:

    a. His age, size, and disabilities, including his limited ability to impose physical harms on others and limited ability to form criminal intent;

    b. That he was experiencing behavior problems associated with his disabilities while at elementary school;

    c. That the School Resource Officer placed handcuffs designed for adults on a young schoolchild, behind his back;

    d. That the handcuffing violated Tennessee state law and the rules and regulations of the Tennessee Board of Education;

    e. The length of time of the handcuffing; and

    f. The traumas imposed by the handcuffing.

33. By engaging in the acts described herein, Defendant SRO John Doe, acting under color of law and with deliberate indifference, violated the Plaintiffs' rights under the U.S. Constitution to be free from unreasonable seizures and excessive force.

34. L.J.'s right to be free from unreasonable seizures and excessive force as described herein was clearly established in law at the time of the incidents alleged.

35. Defendant SRO John Doe acted maliciously, intentionally, and in reckless disregard to the rights of the plaintiffs.

36. The force inflicted unnecessary pain, physical injury, and emotional harm, violating L.J.'s Fourth and Fourteenth Amendment rights. John Doe acted maliciously, intentionally, and/or with reckless disregard. Plaintiffs seek compensatory and punitive damages.

37. MSCS, Shelby County, and the Sheriff maintained policies, customs, or practices and/or were deliberately indifferent in training and supervision regarding SRO interactions with elementary-age students with disabilities, permitting or tolerating mechanical restraints, coercive tactics, failure to accommodate disability-related behaviors, and unauthorized transport.

38. MSCS maintained policies, customs, or practices and/or was deliberately indifferent in authorizing, involving, or failing to supervise SROs on campus; failing to implement the Special Education Behavioral Supports Act and corresponding state rules and regulations; and failing to ensure training in positive behavior supports and crisis de-escalation, leading to foreseeable excessive force and unlawful seizures of students with disabilities. These were the moving force behind the constitutional violations.

## COUNT II
### Unlawful Seizure/False Arrest & Unreasonable Transport
### In Violation of the U.S. Constitution
### Fourth & Fourteenth Amendments

39. Plaintiffs incorporate the preceding paragraphs. John Doe detained and transported L.J. without probable cause, legal authority, or parental consent, and not for a bona fide medical reason.

## COUNT III
### Disability Discrimination & Failure to Provide Reasonable Modifications
### Title II of the ADA
### 42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(7), (b)(3)

40. Plaintiffs incorporate the preceding paragraphs. L.J. is a qualified individual with a disability. Shelby County and MSCS are public entities under Title II. Defendants excluded L.J. from participation in, and denied him the benefits of, school services and subjected him to

discrimination by reason of disability by responding to disability-related behaviors with law-enforcement force and mechanical restraints instead of reasonable modifications such as de-escalation, crisis intervention, waiting, and parental involvement.

41. Defendants' methods of administration have the effect of subjecting students with disabilities to discrimination and unnecessary use of force. Defendants acted with deliberate indifference. Plaintiffs seek compensatory damages, injunctive and declaratory relief, and attorneys' fees.

## COUNT IV
### Section 504 of the Rehabilitation Act
### 29 U.S.C. § 794

42. Plaintiffs incorporate the preceding paragraphs. MSCS and, on information and belief, Shelby County receive federal financial assistance and discriminated against L.J. solely by reason of disability by failing to reasonably accommodate him and by resorting to restraint rather than disability-appropriate interventions. Plaintiffs seek compensatory damages, injunctive and declaratory relief, and attorneys' fees.

## COUNT V
### Assault and Battery

43. Plaintiffs incorporate the preceding paragraphs. John Doe intentionally and/or recklessly caused harmful or offensive contact with L.J., including throwing him into a bookcase and onto the ground and applying painful handcuffs, causing injury.

## COUNT VI
## False Imprisonment

44. Plaintiffs incorporate the preceding paragraphs. John Doe intentionally restrained L.J.'s freedom of movement by handcuffing and transporting him in a police vehicle without lawful justification or parental consent, causing harm.

## COUNT VII
## Intentional Infliction of Emotional Distress

45. Plaintiffs incorporate the preceding paragraphs. John Doe's conduct toward a seven-year-old child with disabilities was extreme and outrageous and intentional or reckless, causing severe emotional distress.

## COUNT X
## Negligence / Gross Negligence

46. Plaintiffs incorporate the preceding paragraphs. MSCS and Shelby County owed duties to train, supervise, and retain personnel (including SROs) competent to implement positive behavioral supports, avoid unlawful restraints, and de-escalate disability-related behaviors, and to develop lawful policies. They breached those duties, proximately causing Plaintiffs' injuries.

## COUNT XI
## Negligence Per Se / Statutory Violations

47. Plaintiffs incorporate the preceding paragraphs. Defendants violated Tennessee's Special Education Behavioral Supports Act and Rule 0520-01-09-.23 by employing mechanical restraints, using restraint for coercion, and failing to ensure training, documentation, and parental notice.

These provisions supply a standard of care whose breach proximately caused L.J.'s injuries. Plaintiffs seek damages and injunctive relief compelling compliance.

## COUNT XII
### Parent's Claim for Medical Expenses of Minor Child

48. Plaintiffs incorporate the preceding paragraphs. Ms. Jones is entitled to recover medical and related expenses incurred on behalf of L.J. due to Defendants' tortious conduct.

### INJUNCTIVE AND DECLARATORY RELIEF

49. Plaintiffs seek a declaration that Defendants' conduct violated the U.S. Constitution, Title II of the ADA, Section 504, and Tennessee law.

50. Plaintiffs seek a permanent injunction requiring Defendants to:

   a. Prohibit the use of mechanical restraints (including handcuffs) on students receiving special-education services, consistent with Tennessee law;

   b. Limit any physical holding restraint to true emergencies involving imminent risk of serious physical harm, never to compel compliance or as punishment;

   c. Adopt, implement, and train on policies for positive behavioral supports, de-escalation, functional behavioral assessments (FBA), behavior intervention plans (BIP), and parental notification/reporting;

   d. Train SROs and school staff annually on disability accommodations, trauma-informed practices, and ADA/Section 504 reasonable modifications; and

   e. Monitor and report (consistent with privacy laws) aggregate data on restraint/isolation and SRO uses of force involving students with disabilities.

## DAMAGES AND PRAYER FOR RELIEF

51. As a direct and proximate result of Defendants' actions, L.J. suffered physical pain and injury, emotional distress, loss of educational access, and other damages. Ms. Jones incurred medical expenses and other damages.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and award:

A. Declaratory relief as set forth above;

B. Permanent injunctive relief as set forth above;

C. Compensatory damages in an amount to be proven at trial;

D. Punitive damages as allowed by law;

E. Reasonable attorneys' fees and costs under 42 U.S.C. §§ 1988 and 12205 and 29 U.S.C. § 794a; and

F. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

Date:   November 21, 2025         *s/Janet H. Goode*
                                   Janet H. Goode, TN BPR #35872
                                   917 Cooper Street
                                   Memphis, TN 38104
                                   901-308-7511
                                   janet@janetgoodelaw.com

                                   **Attorney for Plaintiffs**