## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

L.J., a minor, by and through his next friend and,
Mother, CETERA JONES; and CETERA JONES,
individually,

        Plaintiffs.

v.

MEMPHIS-SHELBY COUNTY SCHOOLS;
BRYANT PARKER, School Resource Officer,
in his individual capacity; NEKIA PATTON, in
her individual capacity; RHONDA MITCHELL,
in her individual capacity; and
JOHN/JANE DOES 1–10,

        Defendants.

No.: 2:25-cv-03070-SHL-tmp

**JURY DEMAND**

---

## FIRST AMENDED COMPLAINT

---

## INTRODUCTION

1. This civil-rights and disability-discrimination action seeks damages and equitable relief for the unlawful seizure, excessive force, and disability-based discrimination committed against a then–seven-year-old child, L.J., who at all times relevant had an Individualized Education Program (IEP) pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*., (IDEA).

2. When L.J. experienced a disability-related behavioral outburst at school on November 22, 2024, a School Resource Officer (SRO) employed by Defendant Memphis-Shelby County Schools (MSCS), Defendant Bryant Parker, threw the child into a bookcase and onto the ground,

handcuffed him behind his back with metal handcuffs, and transported him in a police-like vehicle rather than employing de-escalation.

3.   As a result of L.J. being subjected to unnecessary and excessive handcuffing, Plaintiffs experienced pain, fear, and emotional trauma, and L.J experienced an exacerbation of his disabilities.

4.   In 2009, the U.S. Government Accountability Office (GAO) published a nationwide study documenting hundreds of alleged incidents of restraint and seclusion in schools from 1990 to 2009, including 20 incidents causing death. Virtually all of the incidents identified by the GAO involved children with disabilities. The same year, in testimony before the House Education and Labor Committee, the GAO presented its study and reported on the risks of injury and death related to the use of restraint and seclusion on children. The GAO explained that even if no physical injury is sustained, individuals can be severely traumatized during restraint.

5.   Tennessee passed its own Special Education Behavioral Supports Act (SEBSA) in mid-2008. Tenn. Code Ann. § 49-10-1301, *et seq*. SEBSA and corresponding state board of education rules and regulations explicitly prohibit mechanical restraints in schools. *Id.*; *see also*, Tenn. Comp. R. & Regs. 0520-01-09-.23. Instead, physical restraint of students is allowed only in a true emergency involving imminent danger of serious physical harm, never to compel compliance or as punishment, and requires positive behavioral supports, de-escalation, documentation, and prompt parental notification. *Id*. And again, that restraint can never be mechanical or chemical – and handcuffs are exactly the sort of mechanical restraints that are prohibited.

6.   Plaintiffs seek permanent injunctive relief to prohibit Defendants from authorizing or employing the unnecessary and excessive use of physical restraint and handcuffing on schoolchildren, including those with disabilities, and to compel Defendant MSCS to revise its

policies, practices, and trainings accordingly. Plaintiffs further seek an order declaring Defendants' conduct to be unconstitutional and to be in violation of the Americans with Disabilities Act, Section 504, and state law. Plaintiffs also seek compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE, AND IDEA EXHAUSTION

7.  This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4). The Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.

8.  Venue is proper in the Western District of Tennessee, Western Division at Memphis, under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Shelby County, Tennessee.

9.  Plaintiffs' claims challenge unlawful seizure, excessive use of force, and disability discrimination rather than the denial of a free appropriate public education. Accordingly, administrative exhaustion under the IDEA is not required.

## PARTIES

10. Plaintiff L.J. is a minor who was seven years old and in the second grade at Levi Elementary School on November 22, 2024. He is a student with a disability who, at all relevant times, received special education services under an IEP from Memphis-Shelby County Schools. He sues by and through his mother and next friend, Cetera Jones.

11. Plaintiff Cetera Jones is L.J.'s mother. She also asserts individual claims for her own injuries and for medical and related expenses incurred on behalf of her minor child. Plaintiffs reside in Shelby County, Tennessee, within the district boundaries of MSCS.

12. Defendant Memphis–Shelby County Schools (MSCS)[1] is a local education agency and public entity under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq*., (ADA), and a recipient of federal financial assistance subject to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Section 504). Levi Elementary School is a school in MSCS's district.

13. Defendant Bryant Parker (SRO Parker) is the School Resources Officer involved in the incident. At all times relevant to this Complaint, Defendant Parker was employed by MSCS.

14. Defendant Nekia Patton is the principal of Levi Elementary School and participated in, directed, ratified, or failed to intervene in the events described below.

15. Defendant Rhonda Mitchell is a special education teacher at Levi Elementary School and participated in, directed, ratified, or failed to intervene in the events described below.

16. Defendants John/Jane Does 1–10 are MSCS administrators, employees, or policymakers whose identities are presently unknown who participated in, directed, ratified, or failed to intervene in the events described below.

## FACTUAL ALLEGATIONS

17. On November 22, 2024, at Levi Elementary School in Memphis, Shelby County, Tennessee, L.J. experienced a disability-related behavioral episode during which he allegedly threw objects and struck staff.

18. Rather than employing de-escalation and disability-appropriate interventions consistent with L.J.'s IEP and state law, school staff (whose identities are unknown as of the filing of this First Amended Complaint) summoned SRO Bryant Parker. Many of the facts concerning

---

[1] The Shelby County Board of Education does business as Memphis-Shelby County Schools and is the same legal entity.

Defendants' internal decision-making and communications are uniquely within the Defendants' possession, custody, or control and will be developed in discovery.

19. SRO Parker threw L.J. into a bookcase and onto the ground, wrenched his arms behind his back, and handcuffed the seven-year-old with metal handcuffs behind his back (a mechanical restraint).

20. While L.J. was still handcuffed, SRO Parker placed L.J. in the back of a school SRO vehicle; L.J.'s special-education teacher, Rhonda Mitchell, and the principal, Nekia Patton, entered the vehicle; and SRO Parker drove to L.J.'s home.

21. Once they arrived, Ms. Jones heard L.J. screaming in distress. She saw that he was handcuffed and demanded his immediate release.

22. Ms. Jones also observed L.J. had a black eye that he did not have that morning. She called 911, and law enforcement responded.

23. The Tennessee Department of Children's Services (DCS) was notified. To date, Ms. Jones has not received a DCS report.

24. At no time did L.J. – a then seven-year-old child– present an imminent threat that required throwing him into furniture, taking him to the ground, handcuffing him, or transporting him still-handcuffed by police vehicle. Less intrusive, reasonable modifications and parental involvement were available.

25. As a direct and proximate result, L.J. suffered physical injury (including facial injury/black eye and pain from the takedown and handcuffing), severe emotional distress, and an exacerbation of his disabilities.

26. MSCS failed to adopt, implement, train, and/or supervise policies to ensure compliance with Tennessee's Special Education Behavioral Supports Act, corresponding State Board rules and

regulations, including prohibiting mechanical restraints, limiting any physical holding restraint to true emergencies, documenting and notifying parents, and providing annual training in positive behavioral supports and crisis de-escalation.

27. At all relevant times, the Shelby County Board of Education was the final policymaker for MSCS with respect to school discipline, the use of force and restraint on students, the deployment and supervision of School Resource Officers, and compliance with federal and state laws governing students with disabilities. Acting through its policymaking authority, the Board adopted, maintained, or permitted policies, practices, and customs that authorized or tolerated the involvement of law-enforcement personnel in routine school discipline and the use of mechanical restraints on elementary-age students with disabilities, despite state law prohibitions and known risks of harm. The Board further failed to ensure adequate training, supervision, and safeguards regarding de-escalation, disability accommodations, and the lawful limits of force, and was deliberately indifferent to the predictable consequence that students like L.J. would be subjected to unlawful seizures and excessive force. These policies, practices, and failures were the moving force behind the constitutional violations suffered by L.J.

28. On information and belief, MSCS has ratified or been deliberately indifferent to a pattern or practice of using law-enforcement tactics and mechanical restraints on elementary students with disabilities in lieu of reasonable modifications and positive supports.

## CAUSES OF ACTION

**COUNT 1 – UNREASONABLE SEIZURE/FALSE ARREST AND EXCESSIVE FORCE IN VIOLATION OF THE U.S. CONSTITUTION (4th AND 14th AMENDMENTS), 42 U.S.C. § 1983 (AGAINST MSCS)**

29. Plaintiffs incorporate the preceding paragraphs.

30. SRO Parker seized L.J. and used objectively unreasonable force by throwing him into a bookcase and to the ground, handcuffing him behind his back, and transporting him without parental consent—far exceeding what was necessary given his age, size, and disabilities.

31. The U.S. Constitution protects against unreasonable seizures and excessive force. "[T]he reasonableness of a particular seizure depends not only on *when* it is made, but also on *how* it is carried out." *Graham v. Connor*, 490 U.S. 386, 395 (1989). U.S. Const. amend. IV. Whether a seizure is unreasonable and unconstitutional depends upon the totality of the circumstances.

32. The seizure of Plaintiff L.J. was unreasonable in light of the totality of the circumstances, including but not limited to:

   a.  His age, size, and disabilities, including his limited ability to impose physical harms on others and limited ability to form criminal intent;

   b.  That he was experiencing behavior problems associated with his disabilities while at elementary school;

   c.  That SRO Parker placed handcuffs designed for adults on a young schoolchild, behind his back;

   d.  That the handcuffing violated Tennessee state law and the rules and regulations of the Tennessee Board of Education;

   e.  The length of time of the handcuffing; and

   f.  The traumas imposed by the handcuffing.

33. By engaging in the acts described herein, SRO Parker, acting under color of law and with deliberate indifference, violated the Plaintiffs' rights under the U.S. Constitution to be free from unreasonable seizures and excessive force.

34. L.J.'s right to be free from unreasonable seizures and excessive force as described herein was clearly established in law at the time of the incidents alleged.

35. SRO Parker acted maliciously, intentionally, and in reckless disregard to the rights of the Plaintiffs.

36. The force inflicted unnecessary pain, physical injury, and emotional harm, violating L.J.'s Fourth and Fourteenth Amendment rights. SRO Parker acted maliciously, intentionally, and/or with reckless disregard.

37. As alleged above, Defendant MSCS, acting under color of state law, violated Plaintiff L.J.'s rights secured by the Fourth and Fourteenth Amendment to the U.S. Constitution. Specifically, the Shelby County Board of Education, and the various other officials responsible for making policy with regard to school discipline, the use of force and restraint on students, the deployment and supervision of School Resource Officers, and compliance with federal and state laws governing students with disabilities, enacted and maintained policies and customs that were deliberately indifferent to and caused the violation of Plaintiff L.J.'s constitutional rights.

38. Defendant MSCS, acting by and through its policymakers, officers, and agents with deliberate indifference, implemented customs and policies and/or at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the individuals (including the defendants named herein) who violated the above-described constitutional rights of Plaintiff L.J. These policies and customs directly and proximately caused the above-described constitutional rights violations.

39. Defendant MSCS, acting by and through its policymakers, officers, and agents with deliberate indifference, failed to properly hire, train, and/or supervise its agents and employees with respect to their responsibilities in ensuring that they provide safeguards regarding de-

8

escalation, disability accommodations, and the lawful limits of force, and was deliberately indifferent to the predictable consequence that students like L.J. would be subjected to unlawful seizures and excessive force. Defendant MSCS maintained policies, customs, or practices and/or were deliberately indifferent in training and supervision regarding SRO interactions with elementary-age students with disabilities, permitting or tolerating mechanical restraints in violation of state law, using coercive tactics, failing to accommodate disability-related behaviors, and using unauthorized transport. These policies, practices, and failures were the moving force behind the constitutional violations suffered by L.J.

40. Defendant MSCS maintained policies, customs, or practices and/or was deliberately indifferent in authorizing, involving, or failing to supervise SROs on campus; failing to implement the Special Education Behavioral Supports Act and corresponding state rules and regulations; and failing to ensure training in positive behavior supports and crisis de-escalation, leading to foreseeable excessive force and unlawful seizures of students with disabilities. These were the moving force behind the constitutional violations.

41. As a proximate result of the actions and inactions of Defendants, Plaintiff L.J suffered and continues to suffer physical pain, emotional pain, psychological injury, trauma, and suffering. Plaintiff L.J. continues to experience fear, distrust, and anxiety regarding law enforcement officers such as School Resource Officers and those in authority.

**COUNT 2 – UNREASONABLE SEIZURE/FALSE ARREST AND EXCESSIVE FORCE IN VIOLATION OF THE U.S. CONSTITUTION (4th AND 14th AMENDMENTS), 42 U.S.C. § 1983 (AGAINST INDIVIDUAL DEFENDANTS)**

42. Plaintiffs restate and reallege the contents of the above paragraphs, as if fully set forth herein.

43. At all times relevant, Defendant SRO Parker acted under color of state law to cause the above-described constitutional rights violations. In addition to seizing and handcuffing Plaintiff L.J., SRO Parker's use of force caused L.J. to suffer a black eye.

44. Similarly, at all times relevant, Defendants Patton and Mitchell acted under color of state law and with deliberate indifference to directly participated in and proximately caused the above-described constitutional rights violations by either directing or assisting SRO Parker as he seized, assaulted, handcuffed, and transported Plaintiff L.J.

45. Defendants Patton and Mitchell knew that L.J. was a student with disabilities who had an IEP. Defendants Patton and Mitchell knew or should have known that Tennessee has made the use of mechanical restraints on students with IEPs illegal. As his principal and special education teacher, Defendants Patton and Mitchell had a duty to care for L.J. Nonetheless, both Defendant Patton and Defendant Mitchell accompanied L.J. in SRO Parker's vehicle while L.J. remained unlawfully handcuffed and bruised. They failed in their duty of care to L.J. resulting in L.J. suffering pain, trauma, and harm.

## COUNT 3 – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (AGAINST MSCS)

46. Plaintiffs restate and reallege the contents of the above paragraphs, as if fully set forth herein.

47. The ADA requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

48. Students with disabilities, and particularly students with disabilities involving behavior challenges like L.J. are particularly susceptible to and injured by the unnecessary use of physical restraints, including handcuffs, on the basis of disability. The effects on students with disabilities include substantial and disproportionate physical and emotional injuries, and disruptive exclusions from the school community.

49. L.J. is a qualified individual with a disability.

50. MSCS is a public entity under Title II of the Americans with Disabilities Act

51. Defendant MSCS's methods of administration have the effect of subjecting students with disabilities to discrimination and unnecessary use of force. Defendant MSCS acted with deliberate indifference.

52. Defendant MSCS excluded L.J. from participation in, and denied him the benefits of, school services and subjected him to discrimination by reason of disability by responding to disability-related behaviors with law-enforcement force and mechanical restraints in violation of state law instead of reasonable modifications such as de-escalation, crisis intervention, waiting, and parental involvement.

**COUNT 4 – VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT (AGAINST MSCS)**

53. Plaintiffs restate and reallege the contents of the above paragraphs, as if fully set forth herein.

54. Section 504 of the Rehabilitation Act of 1973 and its implementing regulations provide, "no otherwise qualified individual with a disability in the United States… shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected

to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794 (a); *see also* 34 C.F.R. § 104.4(a).

55. Plaintiff L.J. is a qualified individual with a disability.

56. MSCS receives federal financial assistance and discriminated against L.J. solely by reason of disability by failing to reasonably accommodate him and by responding to disability-related behaviors with law-enforcement force and mechanical restraints in violation of state law instead of reasonable modifications such as de-escalation, crisis intervention, waiting, and parental involvement.

**COUNT 5 – ASSAULT AND BATTERY (AGAINST DEFENDANT SRO PARKER)**

57. Plaintiffs restate and reallege the contents of the above paragraphs, as if fully set forth herein.

58. Defendant SRO Parker intentionally and/or recklessly caused harmful or offensive contact with L.J., including throwing him into a bookcase and onto the ground and applying painful handcuffs, causing injury.

**COUNT 6 – FALSE IMPRISONMENT (AGAINST DEFENDANT SRO PARKER)**

59. Plaintiffs restate and reallege the contents of the above paragraphs, as if fully set forth herein.

60. Defendant SRO Parker intentionally restrained L.J.'s freedom of movement by handcuffing and transporting him in a police vehicle without lawful justification or parental consent, causing harm.

**COUNT 7 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AGAINST INDIVIDUAL DEFENDANTS)**

61. Plaintiffs restate and reallege the contents of the above paragraphs, as if fully set forth herein.

62. The conduct of Defendants Parker, Mitchell, and Patton towards a seven-year-old child with disabilities was extreme and outrageous and intentional or reckless, causing severe emotional distress.

**COUNT 8 – NEGLIGENCE/GROSS NEGLIGENCE (AGAINST MSCS)**

63. Plaintiffs restate and reallege the contents of the above paragraphs, as if fully set forth herein.

64. Defendant MSCS owed duties to train, supervise, and retain personnel (including SROs) competent to implement positive behavioral supports, avoid unlawful restraints, and de-escalate disability-related behaviors, and to develop lawful policies. They breached those duties, proximately causing Plaintiffs' injuries.

**COUNT 9 – NEGLIGENCE PER SE/STATUTORY VIOLATIONS (AGAINST MSCS)**

65. Plaintiffs restate and reallege the contents of the above paragraphs, as if fully set forth herein.

66. Defendant MSCS violated Tennessee's Special Education Behavioral Supports Act and Rule 0520-01-09-.23 by employing mechanical restraints, using restraint for coercion, and failing to ensure training, documentation, and parental notice. These provisions supply a standard of care whose breach proximately caused L.J.'s injuries. Plaintiffs seek damages and injunctive relief compelling compliance.

**COUNT 10 – PARENT'S CLAIM FOR MEDICAL EXPENSES OF MINOR CHILD
(AGAINST ALL DEFENDANTS)**

67. Plaintiffs restate and reallege the contents of the above paragraphs, as if fully set forth

herein.

68. Ms. Jones is entitled to recover medical and related expenses incurred on behalf of L.J. due

to Defendants' tortious conduct.

## INJUNCTIVE AND DECLARATORY RELIEF

69. Plaintiffs seek a declaration that Defendants' conduct violated the U.S. Constitution, Title

II of the ADA, Section 504, and Tennessee law.

70. Plaintiffs seek a permanent injunction requiring MSCS to:

a. Prohibit the use of mechanical restraints (including handcuffs) on students
receiving special-education services, consistent with Tennessee law;

b. Limit any physical holding restraint to true emergencies involving imminent risk
of serious physical harm, never to compel compliance or as punishment;

c. Adopt, implement, and train on policies for positive behavioral supports, de-
escalation, functional behavioral assessments (FBA), behavior intervention plans
(BIP), and parental notification/reporting;

d. Train SROs and school staff annually on disability accommodations, trauma-
informed practices, and ADA/Section 504 reasonable modifications; and

e. Monitor and report (consistent with privacy laws) aggregate data on
restraint/isolation and SRO uses of force involving students with disabilities.

## DAMAGES AND PRAYER FOR RELIEF

71. As a direct and proximate result of Defendants' actions, L.J. suffered physical pain and injury, emotional distress, loss of educational access, and other damages. Ms. Jones incurred medical expenses and other damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendants on each Count of the Complaint and prays for the following relief:

A. Grant Plaintiffs leave to amend this Complaint after reasonable discovery;

B. Empanel a jury to try this matter;

C. Award permanent injunctive relief as set forth above;

D. Award declaratory relief as set forth above;

E. Award Plaintiffs compensatory damages in an amount to be proven at trial;

F. Award Plaintiffs punitive damages as allowed by law;

G. Award Plaintiffs reasonable attorney's fees and costs under 42 U.S.C. §§ 1988 and 12205 and 29 U.S.C. § 794a; and;

H. Grant Plaintiffs such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

_s/Janet H. Goode_
Janet H. Goode, TN BPR #35872
917 Cooper Street
Memphis, TN 38104
901-308-7511
janet@janetgoodelaw.com

**Attorney for Plaintiffs**

15

## CERTIFICATE OF CONSULTATION

I certify that on December 18, 2025, I consulted with counsel for Defendant, Kavita Shelat, who consented in writing to the filing of this First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2).

Signed:    /s/Janet H. Goode
Janet H. Goode

## CERTIFICATE OF SERVICE

I certify that on December 18, 2025, I filed a copy of the foregoing by means of the Official Court Electronic Document Filing System (CM/ECF) for the Western District of Tennessee. I also certify that I sent a copy to counsel for Defendants via electronic mail to: Defendant Memphis-Shelby County Schools, Office of General Counsel, 160 Glenn Rodgers Sr. Street (Formerly Known as S. Hollywood St), Coe Building, Room 218, Memphis, TN 38117, attorney Kavita Shelat, Associate General Counsel, at shelatkg@scsk12.org. Ms. Shelat has communicated that she will also be representing Defendants Nekia Patton and Rhonda Mitchell.

Signed:    /s/Janet H. Goode
Janet H. Goode