## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**L.J., a minor, by and through his next friend and
Mother, CETERA JONES; and CETERA JONES,
individually,**

    **Plaintiffs,**

**v.**                                                                2:25-cv-03070-SHL-tmp

**MEMPHIS SHELBY COUNTY SCHOOLS;
BRYANT PARKER, School Resource Officer, in his
individual capacity;
NEKIA PATTON, in her individual capacity;
RHONDA MITCHELL, in her individual capacity;
and JOHN/JANE DOES 1-10;**

    **Defendants.**

### ANSWER OF SHELBY COUNTY BOARD OF EDUCATION

Defendant Shelby County Board of Education, which operates as Memphis-Shelby County Schools ("School District"), files its Answer to Plaintiffs' First Amended Complaint (Dkt. #8) to the best of its knowledge, information, and belief as follows.

**I.     ANSWER**

1. The School District admits that L.J. was a seven-year-old student who had an IEP. The remaining statements do not contain factual allegations that require a response from the School District.

2. Denied. For further answer, during the last hour of the school day on November 22, 2024, L.J. punched and slapped second-grade students in his classroom. L.J. struck Principal Patton multiple times. L.J. picked up and threw down chairs. L.J. removed and threw

items off walls.  L.J. repeatedly hit and kicked school security officer Bryant Parker.  Mr. Parker called Plaintiff Cetera Jones over the telephone to ask if Ms. Jones could come and pick up L.J. from school because it was unsafe for L.J. to ride home on the bus and for other students to ride on the bus with L.J.  Ms. Jones stated that she did not own a car, and she consented to Mr. Parker driving L.J. home from school.  Principal Patton, Ms. Mitchell, and Mr. Parker all drove to L.J.'s home together in the vehicle.   L.J. received discipline for his conduct.

3. Denied.

4. The statements in this paragraph do not contain factual allegations that require a response from the School District.

5. The statements in this paragraph call for a legal conclusion to which no response is required from the School District.

6. The School District denies that Plaintiffs are entitled to the relief requested in this paragraph.

## JURISDICTION, VENUE, AND IDEA EXHAUSTION

7. The School District does not dispute subject matter jurisdiction.

8. The School District does not dispute venue.

9. As the claims have been presented in the Amended Complaint, the School District agrees that IDEA administrative exhaustion does not appear to be required in the case.

## PARTIES

10. The first two sentences are admitted.  The third sentence contains no factual allegations that require a response from the School District.

11. The first sentence is admitted. The second sentence contains no factual allegations that require a response from the School District.

12. Admitted.

13. The School District admits that school security officer Bryant Parker is employed by the School District. The School District further admits that L.J. repeatedly struck Mr. Parker. Any remaining allegations are denied.

14. The School District admits that Nekia Patton is the Principal of Levi Elementary School. The School District further admits that L.J. repeatedly struck Principal Patton after striking other second grade students and prior to repeatedly striking Mr. Parker. The School District further admits that Principal Patton rode home with L.J. in Mr. Parker's vehicle. The remaining allegations are denied.

15. The School District admits that Rhonda Mitchell is a special education teacher at Levi Elementary School. The School District further admits that Ms. Mitchell rode home with L.J. and Principal Patton in Mr. Parker's vehicle. The remaining allegations are denied.

16. The School District is without sufficient information or knowledge to admit or deny the allegations in this paragraph and therefore denies them.

## FACTUAL ALLEGATIONS

17. The School District admits that on the afternoon of November 22, 2024, L.J. struck second-grade students in his classroom. L.J. struck Principal Patton multiple times. L.J. picked up chairs and threw them on the ground. L.J. removed items off the wall and threw them on the ground. L.J. repeatedly struck school security officer Bryant Parker. The School District denies that L.J.'s actions on November 22 were because of his educational disability. L.J. received school discipline for his actions.

18. Denied.

19. The School District admits that school security officer Bryant Parker applied handcuffs to L.J. after L.J. used his hands to repeatedly strike Mr. Parker. The School District denies the remaining allegations in this paragraph.

20. The School District admits that Mr. Parker applied handcuffs on L.J. after L.J. repeatedly struck him with his hands. Thereafter, Mr. Parker called Plaintiff Cetera Jones and asked her permission to be able to transport L.J. home because Ms. Jones does not own a car to be able to pick up L.J. from school and because sending L.J. home on the bus would be unsafe for L.J. and for the other elementary school children on the bus with him. Ms. Jones gave consent for Mr. Parker to drive L.J. home. Principal Patton and Ms. Mitchell rode with Mr. Parker and L.J. in Mr. Parker's security vehicle to L.J.'s home. Any remaining allegations are denied.

21. Denied.

22. Denied.

23. The School District is without information or knowledge to admit or deny the allegations in this paragraph and therefore denies them.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT I

29. The School District incorporates its Answers to paragraphs 1-28.

30. Denied. For further answer, Mr. Parker called Plaintiff Ms. Jones and obtained her consent for Mr. Parker to drive L.J. home.

31. The statements in this paragraph call for a legal conclusion to which no response is required.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## COUNT II

42. The School District incorporates its Answers to paragraphs 1-41.

43. It is unclear whether the allegations in Count II require a response from the School District. Out of an abundance of caution, the School District denies the allegations in this paragraph.

44. It is unclear whether the allegations in Count II require a response from the School District. Out of an abundance of caution, the School District denies the allegations in this paragraph.

45. It is unclear whether the allegations in Count II require a response from the School District. Out of an abundance of caution, the School District denies the allegations in this paragraph.

## COUNT III

46. The School District incorporates its Answers to paragraphs 1-45.

47. The statements in this paragraph call for a legal conclusion to which no response is required.

48. Denied.

49. The statements in this paragraph call for a legal conclusion to which no response is required.

50. Admitted.

51. Denied.

52. Denied.

## COUNT IV

53. The School District incorporates its Answers to paragraphs 1-52.

54. The statements in this paragraph call for a legal conclusion to which no response is required.

55. The statements in this paragraph call for a legal conclusion to which no response is required.

56. Denied.

## COUNT V

57. The School District incorporates its Answers to paragraphs 1-56.

58. The allegations in this paragraph are not directed at the School District and therefore do not require a response.

## COUNT VI

59. The School District incorporates its Answers to paragraphs 1-58.

60. The allegations in this paragraph are not directed at the School District and therefore do not require a response.

## COUNT VII

61. The School District incorporates its Answers to paragraphs 1-60.

62. The allegations in this paragraph are not directed at the School District and therefore do not require a response.

## COUNT VIII

63. The School District incorporates its Answers to paragraphs 1-62.

64. Denied.

## COUNT IX

65. The School District incorporates its Answers to paragraphs 1-64.

66. Denied.

## COUNT X

67. The School District incorporates its Answers to paragraphs 1-66.

68. Denied.

## INJUNCTIVE AND DECLARATORY RELIEF

69. The School District denies that Plaintiffs are entitled to the relief they seek in this paragraph.

70. The School District denies that Plaintiffs are entitled to the relief they seek in this paragraph.

## DAMAGES AND PRAYER FOR RELIEF

71. Denied.

The School District denies that Plaintiffs are entitled to the relief they seek in their "Wherefore" and "Jury Demand" paragraphs.

***

If any factual allegation in the Complaint that is directed at the School District has not been denied or explained, then School District denies all such allegations here generally as if they had been denied specifically.

## II. AFFIRMATIVE DEFENSES

1. Plaintiffs cannot state a claim for noneconomic damages under Section 504.

2. Plaintiffs cannot state a claim for noneconomic damages under the ADA.

3. Plaintiff Cetera Jones fails to state a claim in her individual capacity.

4. Plaintiff Cetera Jones fails to state a claim for any damages in her individual capacity.

5. Plaintiffs' state law claims against the School District are governed by the Tennessee Governmental Tort Liability Claims (GTLA), and the School District asserts sovereign immunity from Plaintiffs' claims.

6. Plaintiff Cetera Jones gave consent for Plaintiff L.J. to be driven home from school and therefore her claims are barred in whole or in part by the doctrine of waiver.

7. Plaintiff Cetera Jones gave consent for Plaintiff L.J. to be driven home from school and therefore her claims are barred in whole or in part by the doctrine of estoppel.

8. Any injuries experienced by Plaintiff L.J. were caused by the actions of Plaintiff L.J. himself and not by the actions or inactions of the School District.

9. Plaintiffs' alleged damages were not caused legally, proximately, or in-fact by actions or omissions of the School District.

10. The alleged damages were the result of pre-existing or subsequent conditions of Plaintiff(s), which were without negligence, lack of care, or any other breach of duty on the part of the School District.

11. The School District asserts comparative fault against Plaintiff Cetera Jones.

12. The School District asserts comparative fault against Plaintiff L.J.

13. To the extent that the gravamen of Plaintiffs' federal claims falls under the Individuals with Disabilities in Education Act (IDEA), Plaintiffs' IDEA claims require administrative exhaustion, and the district court lacks subject matter jurisdiction over the federal claims.

14. Once the parties engage in discovery, the School District reserves the right to seek to amend its Affirmative Defenses to add any defenses that may become apparent.

Respectfully Submitted,

*/s/* Kavita G. Shelat_____
Kavita Goswamy Shelat (#29388)
Jamie L. Morton (#31243)
Shelby County Board of Education
Office of the General Counsel
160 Glenn Rogers Sr. St., Room 218
Memphis, TN 38112
Phone: (901) 416-5664
Email: shelatkg@scsk12.org
mortonjl2@scsk12.org

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served through this Court's electronic filing system on January 23, 2026 upon counsel of record:

Janet H. Goode
janet@janetgoodelaw.com

*Counsel for Plaintiffs*

*/s/* Kavita G. Shelat_____