# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| L.J., a minor, by and through his next friend and Mother, CETERA JONES; and CETERA JONES, individually, </br></br>    Plaintiffs, </br></br>v. </br></br>MEMPHIS-SHELBY COUNTY SCHOOLS; BRYANT PARKER, School Resource Officer, in his individual capacity; NEKIA PATTON, in her individual capacity; RHONDA MITCHELL, in her individual capacity; and JOHN/JANE DOES 1–10, </br></br>    Defendants. | No. 2:25-cv-03070-SHL-tmp |

## ORDER DENYING PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

Before the Court is Plaintiffs L.J. and Cetera Jones' Motion for Expedited Discovery, filed November 25, 2025. (ECF No. 7.) On November 21, Plaintiff initiated this action against multiple defendants, alleging excessive force, violations of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act, assault and battery, false imprisonment, intentional infliction of emotional distress, negligence or gross negligence, negligence per se, and a "claim for medical expenses of minor child." (ECF Nos. 1, 8.)

Plaintiffs allege that, on November 22, 2024, L.J., then in the second grade and receiving special education services under an IEP at Levi Elementary School, "experienced a disability-related behavioral episode during which he allegedly threw objects and struck staff." (ECF No. 8 at PageID 51–52.) According to Plaintiffs, Defendant School Resource Officer ("SRO") Bryant Parker did not employ de-escalation techniques in responding to L.J., but instead "threw

[him] into a bookcase and onto the ground, wrenched his arms behind his back, and handcuffed the seven-year-old with metal handcuffs behind his back." (Id. at PageID 53.) A scheduling conference in this matter is set for April 9, 2026, at 9:00 a.m.

Plaintiffs seek leave to conduct expedited discovery, before the Rule 26(f) scheduling conference, to "identify the unknown defendant(s)" by (1) "issuing the attached discovery requests to Defendant MSCS to obtain identifying information" and (2) "issuing subpoenas to third parties to obtain identifying information." (ECF No. 7 at PageID 29–30.) They also seek to "preserve evidence, including electronically stored information . . . by issuing the attached discovery requests to Defendant MSCS." (Id. at PageID 29.) Plaintiffs assert that they "have made reasonable efforts to identify the unknown defendant(s)," but so far without success. (Id. at PageID 28.) At the time of filing the Motion, Plaintiffs did not yet know the identity of the SRO; however, by the time they filed the Amended Complaint three weeks later, they had identified Parker as the SRO, who was later served. (ECF Nos. 7–8, 15.) But there is no indication that Plaintiffs have yet identified "the school administrator(s)/staff who sought and/or directed the SRO." (ECF No. 7 at PageID 28.)

A party can partake in early discovery before a scheduling conference "when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). While there is no binding authority on the issue of expedited discovery, district courts within the Sixth Circuit require a showing of good cause to permit such discovery. See, e.g., Arista Records, LLC v. Does 1–15, No. 07-CV-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007); Simpson v. Doe #1–2, No. 21-10877, 2021 WL 8084521, at *1 (E.D. Mich. May 7, 2021); see also 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2046.1 (3d ed. 2021) ("Although the rule does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts

presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.").

A party shows good cause sufficient to obtain discovery before a Rule 26(f) conference if the requested discovery is necessary to determine an opposing party's identity to allow the case to proceed. Simpson, 2021 WL 8084521, at *1. "Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time." Arista Records, 2007 WL 5254326, at *2–3. Generally, "the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Georgia Film Fund Four, LLC v. Does 1–17, No. 13-cv-184, 2013 WL 5937979, at *2 (E.D. Tenn. Nov. 5, 2013) (citing Robinson v. Doe, 2008 WL 5069249, at *2 (S.D. Ohio Nov. 24, 2008)).

Here, Plaintiffs have not demonstrated that expedited discovery is necessary for the case to proceed. Since the filing of the Motion, they have learned the identity of SRO Bryant Parker. Although they may not know the identities of "the school administrator(s)/staff who sought and/or directed the SRO," this lack of information does not prevent the parties from proceeding to a Rule 26(f) conference, after which Plaintiffs will discover these identities, too. And, despite Plaintiffs' statement that they have "made reasonable efforts to identify the unknown defendant(s)," those efforts are not immediately clear to the Court. Finally, although Plaintiffs are understandably concerned with preserving digital evidence from the events of November 22, 2024, Defendant Memphis-Shelby County Schools is already under a duty to preserve electronically stored information. See Fed. R. Civ. P. 26(e). Thus, expedited discovery may be helpful to Plaintiffs, but it has not yet been shown to be necessary. See Simpson, 2021 WL

8084521, at *2 ("Plaintiffs must obtain early discovery to determine the identity of Defendants, which is necessary to complete service of process and allow the case to proceed.").

For the foregoing reasons, the Court does not find good cause for expedited discovery. Therefore, Plaintiffs' Motion is **DENIED**.

**IT IS SO ORDERED,** this 3rd day of March, 2026.

                                                                      s/ Sheryl H. Lipman
                                                                      SHERYL H. LIPMAN
                                                                      CHIEF UNITED STATES DISTRICT JUDGE