IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

L.J., a minor by and through his next friend
and Mother CETERA JONES and
CETERA JONES, Individually,

      Plaintiff,

v.                                                                              No. 25-3070-SHL-tmp

MEMPHIS-SHELBY COUNTY SCHOOLS,
BRYANT PARKER, School Resource Officer
in his individual capacity, NEKIA PATTON in
her individual capacity, RHONDA MITCHELL
in her individual capacity, and JOHN/JANE DOES 1-10,

      Defendants.

## ANSWER OF BRYANT PARKER

COMES NOW, Defendant School Resource Officer Bryant Parker, individually, through

Counsel, and responds to the First Amended First Amended Complaint filed in this cause, as

follows:

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' First Amended First Amended Complaint fails to state a claim on which

relief can be granted, and Defendant Parker moves that it be dismissed forthwith;

2.      Plaintiffs' First Amended First Amended Complaint fails to state a cause of action

under the United States Constitution;

3.      Defendant Parker affirmatively pleads all applicable federal and state statutes of

limitations;

1

4.      Plaintiffs' claims are barred under the doctrine of  waiver, and estoppel;

5.      Defendant Parker contends that Plaintiffs are not entitled to any recovery. However, even under all the facts and circumstances set forth in the Plaintiffs' First Amended First Amended Complaint, Plaintiffs' recovery against Defendant Parker would be limited to nominal damages;

6.      Plaintiffs' own conduct constituted the sole proximate cause of any injuries allegedly sustained and of any damages allegedly resulting therefrom, and as a result Plaintiffs are barred from recovery;

7.      Plaintiffs' constitutional rights were not violated.

8.      Defendant Parker submits that he is entitled to immunity from all state law claims under the facts and circumstances of this case;

9.      Defendant Parker submits that he is entitled to the defense of Qualified Immunity in that at all times relevant his actions:

        a.      were taken within the course and scope of employment;

        b.      were taken in good faith and with reasonable and probable cause under the circumstances;

        c.      were in accordance with those of an objectively reasonable officer, charged with the duty to protect himself and others; and,

        d.      were taken pursuant to and in accordance with the Constitution and laws of the United States and the State of Tennessee;

10.     Defendant Parker requests that Plaintiffs be compelled to file a Rule 7 reply to the above and foregoing affirmative matters of Qualified Immunity, averring "specific non-conclusory factual allegations" that establish in particularized detail improper motive, and that there exists a triable issue of improper motive on the part of Defendant Parker. *Crawford-El v. Britton*, 523 U.S.

574, 598 (1998); Fed. R. Civ. P. 7.

11.     Plaintiffs did not suffer damages for which they are entitled to relief;

12.     Defendant Parker submits that pursuant to 42 U.S.C. § 1998 he would be entitled to recover the reasonable attorneys' fees and costs incurred in defending this claim should he prevail in this action brought against him in his individual capacity;

13.     Defendant Parker reserves the right to raise any additional affirmative defenses that he may have following the completion of discovery herein and/or to amend these affirmative defenses as otherwise allowed by law.

## ANSWER TO FIRST AMENDED FIRST AMENDED COMPLAINT

## INTRODUCTION

1.     Defendant Parker admits that Plaintiffs seek damages and equitable relief but denies that Plaintiffs are entitled to such relief. Upon information and belief, Defendant Parker admits that Plaintiff L.J. was a then-seven-year-old child who at all times relevant had an Individualized Education Program.

2.     Defendant Parker admits that Plaintiff L.J. had a behavioral outburst at school on November 22, 2024, but the remainder of the allegations set forth in Paragraph 2 of Plaintiffs' First Amended First Amended Complaint are denied.

3.     The allegations as set forth in Paragraph 3 of Plaintiffs' First Amended First Amended Complaint are denied.

4.     The allegations as set forth in Paragraph 4 of Plaintiffs' First Amended First Amended Complaint contain a legal conclusion, and therefore no response is required of this Defendant. To the extent that a response is required, they are denied.

5.     The allegations as set forth in Paragraph 5 of Plaintiffs' First Amended First

3

Amended Complaint contain a legal conclusion, and therefore no response is required of this Defendant. To the extent that a response is required, they are denied.

6.      Defendant Parker denies that Plaintiffs are entitled to any such relief.

JURISDICTION, VENUE, AND IDEA EXHAUSTION

7.      Defendant Parker admits that Plaintiffs assert that this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) and supplemental jurisdiction under 28 U.S.C. § 1367.

8.      Defendant Parker admits that Plaintiffs assert venue is proper in this District under 28 U.S.C. § 1391(b).

9.      Defendant Parker admits that Plaintiffs' claims challenge unlawful seizure, excessive use of force, and disability discrimination but denies Plaintiff has any such claim against him.

PARTIES

10.      Upon information and belief, the allegations as set forth in Paragraph 10 of Plaintiffs' First Amended Complaint are admitted. Defendant Parker admits that Plaintiff L.J. sues by and through his mother and next friend, Cetera Jones, but denies that Plaintiffs are entitled to any relief.

11.      Upon information and belief, Defendant Parker admits that Plaintiff Cetera Jones is L.J.'s mother and they reside in Shelby County, Tennessee, within the district boundaries of MSCS. Defendant Parker denies the remainder of the allegations as set forth in Paragraph 10 of Plaintiffs' First Amended Complaint.

12.      Upon information and belief, the allegations as set forth in Paragraph 12 of Plaintiffs' First Amended Complaint are admitted.

4

13.     Defendant Parker admits that he was employed by MSCS as a School Resource Officer but denies the remainder of the allegations as set forth in Paragraph 13 of Plaintiffs' First Amended Complaint.

14.     The allegations as set forth in Paragraph 14 of Plaintiffs' First Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, they are denied.

15.     The allegations as set forth in Paragraph 15 of Plaintiffs' First Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, they are denied.

16.     The allegations as set forth in Paragraph 16 of Plaintiffs' First Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, they are denied.

FACTUAL ALLEGATIONS

17.     Defendant Parker admits that Plaintiff L.J. threw objects and struck staff on November 22, 2024, at Levi Elementary School in Memphis, Shelby County, Tennessee. Defendant Parker is without sufficient information or knowledge to either admit or deny the remainder of the allegations as set forth in Paragraph 17 of Plaintiffs' First Amended Complaint and therefore denies the same.

18.     The allegations as set forth in Paragraph 18 of Plaintiffs' First Amended Complaint are denied. For further answer, Defendant Parker consistently tried to de-escalate the situation and help Plaintiff L.J. calm down.

19.     The allegations as set forth in Paragraph 19 of Plaintiffs' First Amended Complaint are denied. For further answer, Defendant Parker gently handcuffed Plaintiff L.J. to prevent him

from harming himself or others.

20.      The allegations as set forth in Paragraph 20 of Plaintiffs' First Amended Complaint are admitted.

21.      The allegations as set forth in Paragraph 21 of Plaintiffs' First Amended Complaint are denied.

22.      The allegations as set forth in Paragraph 22 of Plaintiffs' First Amended Complaint are denied.

23.      Defendant Parker admits that DCS was notified, but he is without sufficient information or knowledge to either admit or deny the remainder of the allegations as set forth in Paragraph 23 of Plaintiffs' First Amended Complaint and therefore denies the same.

24.      The allegations as set forth in Paragraph 24 of Plaintiffs' First Amended Complaint are denied.

25.      The allegations as set forth in Paragraph 25 of Plaintiffs' First Amended Complaint are denied. Any injuries suffered were caused by Plaintiff L.J.'s own actions.

26.      The allegations as set forth in Paragraph 26 of Plaintiffs' First Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, they are denied.

27.      The allegations as set forth in Paragraph 27 of Plaintiffs' First Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, they are denied.

28.      The allegations as set forth in Paragraph 28 of Plaintiffs' First Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, they are denied.

6

CAUSES OF ACTION

COUNT 1 – UNREASONABLE SEIZURE/FALSE ARREST AND EXCESSIVE FORCE IN VIOLATION OF THE U.S. CONSTITUTION (4TH AND 14TH AMENDMENTS), 42 U.S.C. § (AGAINST MSCS)

29.     To the extent that the preceding paragraphs have been either admitted or denied, they are specifically incorporated herein.

30.     The allegations as set forth in Paragraph 30 of Plaintiffs' First Amended Complaint are denied. Defendant Parker called Plaintiff Jones to request permission to drive Plaintiff L.J. home in his squad car because it would not be safe for him or others if he rode on the school bus. Plaintiff Jones provided consent.

31.     The allegations as set forth in Paragraph 31 of Plaintiffs' First Amended Complaint contain a legal conclusion, and therefore no response is required of this Defendant. To the extent that a response is required, they are denied.

32.     The allegations as set forth in Paragraph 32 of Plaintiffs' First Amended Complaint are denied.

33.     The allegations as set forth in Paragraph 33 of Plaintiffs' First Amended Complaint are denied.

34.     The allegations as set forth in Paragraph 34 of Plaintiffs' First Amended Complaint are denied.

35.     The allegations as set forth in Paragraph 35 of Plaintiffs' First Amended Complaint are denied.

36.     The allegations as set forth in Paragraph 36 of Plaintiffs' First Amended Complaint are denied.

37.     The allegations as set forth in Paragraph 37 of Plaintiffs' First Amended Complaint

are denied.

38.    The allegations as set forth in Paragraph 38 of Plaintiffs' First Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, they are denied.

39.    The allegations as set forth in Paragraph 39 of Plaintiffs' First Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, they are denied.

40.    The allegations as set forth in Paragraph 40 of Plaintiffs' First Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, they are denied.

41.    The allegations as set forth in Paragraph 41 of Plaintiffs' First Amended Complaint are denied.

COUNT 2 – UNREASONABLE SEIZURE/FALSE ARREST AND EXCESSIVE FORCE IN VIOLATION OF THE U.S. CONSTITUTION (4TH AND 14TH AMENDMENTS), 42 U.S.C. § 1983 (AGAINST INDIVIDUAL DEFENDANTS)

42.    To the extent that the preceding paragraphs have been either admitted or denied, they are specifically incorporated herein.

43.    The allegations as set forth in Paragraph 43 of Plaintiffs' First Amended Complaint are denied.

44.    The allegations as set forth in Paragraph 44 of Plaintiffs' First Amended Complaint are denied.

45.    The allegations as set forth in Paragraph 45 of Plaintiffs' First Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, they are denied.

COUNT 3 – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (AGAINST MSCS)

46.     To the extent that the preceding paragraphs have been either admitted or denied, they are specifically incorporated herein.

47.     The allegations as set forth in Paragraph 47 of Plaintiffs' First Amended Complaint contain a legal conclusion, and therefore no response is required of this Defendant. To the extent that a response is required, they are denied.

48.     Defendant Parker is without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 48 of Plaintiffs' First Amended Complaint and therefore denies the same.

49.     The allegations as set forth in Paragraph 49 of Plaintiffs' First Amended Complaint contain a legal conclusion, and therefore no response is required of this Defendant. To the extent that a response is required, they are denied.

50.     The allegations as set forth in Paragraph 50 of Plaintiffs' First Amended Complaint are admitted.

51.     The allegations as set forth in Paragraph 51 of Plaintiffs' First Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, they are denied.

52.     The allegations as set forth in Paragraph 52 of Plaintiffs' First Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, they are denied.

COUNT 4 – VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT (AGAINST MSCS)

53.     To the extent that the preceding paragraphs have been either admitted or denied,

they are specifically incorporated herein.

54.    The allegations as set forth in Paragraph 54 of Plaintiffs' First Amended Complaint contain a legal conclusion, and therefore no response is required of this Defendant. To the extent that a response is required, they are denied.

55.    The allegations as set forth in Paragraph 55 of Plaintiffs' First Amended Complaint contain a legal conclusion, and therefore no response is required of this Defendant. To the extent that a response is required, they are denied.

56.    The allegations as set forth in Paragraph 56 of Plaintiffs' First Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, they are denied.

COUNT 5 – ASSAULT AND BATTERY (AGAINST DEFENDANT SRO PARKER)

57.    To the extent that the preceding paragraphs have been either admitted or denied, they are specifically incorporated herein.

58.    The allegations as set forth in Paragraph 58 of Plaintiffs' First Amended Complaint are denied.

COUNT 6 – FALSE IMPRISONMENT (AGAINST DEFENDANT SRO PARKER)

59.    To the extent that the preceding paragraphs have been either admitted or denied, they are specifically incorporated herein.

60.    The allegations as set forth in Paragraph 60 of Plaintiffs' First Amended Complaint are denied.

COUNT 7 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AGAINST INDIVIDUAL DEFENDANTS)

61.    To the extent that the preceding paragraphs have been either admitted or denied, they are specifically incorporated herein.

62. The allegations as set forth in Paragraph 62 of Plaintiffs' First Amended Complaint are denied.

COUNT 8 – NEGLIGENCE/GROSS NEGLIGENCE (AGAINST MSCS)

63. To the extent that the preceding paragraphs have been either admitted or denied, they are specifically incorporated herein.

64. The allegations as set forth in Paragraph 64 of Plaintiffs' First Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, they are denied.

COUNT 9 – NEGLIGENCE PER SE/STATUTORY VIOLATIONS (AGAINST MSCS)

65. To the extent that the preceding paragraphs have been either admitted or denied, they are specifically incorporated herein.

66. The allegations as set forth in Paragraph 66 of Plaintiffs' First Amended Complaint are not directed towards this Defendant and therefore no response is required. To the extent that a response is required, they are denied.

COUNT 10 – PARENT'S CLAIM FOR MEDICAL EXPENSES OF MINOR CHILD (AGAINST ALL DEFENDANTS)

67. To the extent that the preceding paragraphs have been either admitted or denied, they are specifically incorporated herein.

68. The allegations as set forth in Paragraph 68 of Plaintiffs' First Amended Complaint are denied.

INJUNCTIVE AND DECLARATORY RELIEF

69. The allegations as set forth in Paragraph 69 of Plaintiffs' First Amended Complaint are denied.

70. The allegations as set forth in Paragraph 70 of Plaintiffs' First Amended Complaint

are denied.

## DAMAGES

71.     The allegations as set forth in Paragraph 71 of Plaintiffs' First Amended Complaint are denied. Defendant Parker denies that Plaintiffs are entitled to any of the damages requested as set forth in Paragraph 71 (A-H) of Plaintiffs' First Amended Complaint. Defendant Parker admits that Plaintiffs have requested a trial by jury for all issues so triable.

72.     Defendant Parker hereby denies any remaining allegations not previously admitted or denied.

73.     Defendant Parker denies that Plaintiffs are entitled to any relief requested in the First Amended Complaint or any relief whatsoever.

## PRAYERS FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Parker respectfully requests that:

1.     This Court dismiss Plaintiffs' First Amended Complaint with prejudice, based upon each and every aforesaid Affirmative Defense;

2.     This Court deny Plaintiffs the relief prayed for in the request for relief, and that Plaintiff be denied any relief whatsoever;

3.     The Plaintiffs be compelled to file a Rule 7 reply to the above and foregoing affirmative matters of Qualified Immunity, averring "specific non-conclusory factual allegations" that establish in particularized detail improper motive, and that there exists a triable issue of improper motive on the part of Defendant Parker. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); Fed. R. Civ. P. 7.

4.     In conjunction with the dismissal of Plaintiffs' First Amended Complaint with prejudice, Defendant Parker be awarded and recover from Plaintiffs costs, attorney's fees and

12

expenses in association with the defense of the instant civil action against him individually, on the

ground that said First Amended Complaint is legally and factually unsupportable, and has been

filed without substantial justification and/or without an arguable basis in law, and that such

sanctions be imposed pursuant to Rule 11, Fed. R. C. P. and/or that Defendant Parker be awarded

costs and attorney's fees pursuant to 42 U.S.C. § 1988 and T.C.A. 29-20-113, as this Court may

deem appropriate.

Respectfully submitted,

/s/ Deborah Godwin
DEBORAH GODWIN, Bar No. 9972
Attorney for Defendant Bryant Parker Individually
Godwin, Morris, Laurenzi & Bloomfield, P.C.
80 Monroe Avenue, Suite 315
Memphis, Tennessee 38103
Telephone:  901-528-1702
Facsimile:  901-528-0246
Email: dgodwin@gmlblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing such system will serve a copy of the forgoing upon every CM/ECF registered party in this case.

I also hereby certify that there are no non-registered CM/ECF parties requiring service by other means.

/s/ Deborah Godwin
DEBORAH GODWIN