**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| L.J., a minor, by and through his next friend and Mother, CETERA JONES; and CETERA JONES, individually,<br><br>Plaintiffs,<br><br>v.<br><br>MEMPHIS-SHELBY COUNTY SCHOOLS; BRYANT PARKER, School Resource Officer, in his individual capacity; NEKIA PATTON, in her individual capacity; RHONDA MITCHELL, in her individual capacity; and JOHN/JANE DOES 1–10,<br><br>Defendants. | ) | No. 2:25-cv-03070-SHL-tmp |

**ORDER GRANTING PLAINTIFFS' MOTION**
**TO EXTEND EXPERT DISCLOSURE DEADLINES**

Before the Court is Plaintiffs' Motion to Extend Expert Disclosure Deadlines, filed October 16, 2026. (ECF No. 55.) Specifically, Plaintiffs seek an extension of the Parties' Rule 26 expert witness disclosures because, two days before Plaintiffs' deadline, Defendant Memphis Shelby County Schools produced "more than 2,200 pages of documents and at least four videos," some of which, Plaintiffs contend, bears on the issues in this case. ("October 14 Production"). (ECF No. 55 at PageID 389.) MSCS responded in opposition on October 23, and Defendant Bryant Parker joined MSCS' Response in Opposition the same day. (ECF Nos. 56, 58.) Plaintiffs filed a Reply on October 30.[1] (ECF No. 62.) In their Reply, Plaintiffs "narrow[ed] their request," and now seek leave to serve supplemental expert reports relevant to the later-

[1] On October 27, this Court ordered Plaintiffs to respond to Defendants' arguments that Plaintiffs' Motion was mooted by Plaintiffs' timely October 16 expert disclosure, and that the October 14 Production was not relevant to this case. (ECF No. 61.)

produced MSCS material by November 24, and to extend Defendants' time to serve expert rebuttal reports, that responded to Plaintiffs' supplemental reports, by December 8. (Id. at PageID 468.) For the reasons set forth below, the Motion is **GRANTED**.

## I. BACKGROUND

Plaintiffs have two ongoing cases against MSCS: (1) the present case, which, according to Defendants, concerns "whether the application of restraint on L.J. after he struck a school security officer on November 22, 2024[,] complies with SEBSA's fight exception"; and (2) an administrative case pending before the Tennessee Administrative Procedures Division under the Individuals with Disabilities Education Act ("IDEA"), pertaining to "whether the School District has provided L.J. with a free and appropriate public education" (the "IDEA Case"). (ECF No. 56 at PageID 395.) In the present case, Plaintiffs' expert disclosure deadline was October 16, 2026. (ECF No. 28.) However, from October 14 to October 23, MSCS produced "3,071 pages and four videos," which MSCS contends were produced for the IDEA Case. (ECF No. 56 at PageID 395; No. 62 at PageID 465.) Plaintiffs argue, however, that some of MSCS' production is relevant to this case, and their experts need more time to review and respond to it. (ECF No. 62 at PageID 466.)

Plaintiffs contend that good cause exists to extend the expert disclosure deadlines under Federal Rule of Civil Procedure 6(b)(1)(A) because of the late production that includes material relevant to their experts in this case. (ECF No. 55 at PageID 389.) Moreover, according to Plaintiffs, Defendant MSCS "kept producing" discovery even after the October 16 deadline, producing "601 pages in this action" on October 22. (ECF No. 62 at PageID 465.)

Defendants aver that Plaintiffs' Motion is moot because Plaintiffs timely disclosed their

expert on October 16,[2] none of the October 14 to October 23 production is relevant to this case, and Plaintiffs have not established good cause as extending the deadline would cause Defendants prejudice. (ECF No. 56 at PageID 394.)

## II. ANALYSIS

A court may only exercise its discretion to extend an established deadline for "good cause" shown. Fed. R. Civ. P. 6(b)(1). Good cause is shown by a party's diligence in attempting to meet the deadline, lack of prejudice to the nonmoving party, and consideration of the length or number of extensions requested. Reed v. Tipton County, No. 25 cv-02851, 2025 U.S. Dist. LEXIS 254597, at *2 (W.D. Tenn. Dec. 9, 2025) (citing Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)).

Defendants contend that there is no good cause to extend the expert deadlines because the later production is relevant to only the IDEA Case.[3] (ECF No. 56 at PageID 394–95.) However, Plaintiffs contend that some of the production is relevant to the present case, and much of the relevant production was requested by Plaintiffs in July 2026. (ECF No. 62 at PageID 464–67.) According to Plaintiffs, MSCS produced "3,071 pages and four videos" between October 14 and October 23, and "at least some" of it is relevant because it includes (1) written accounts of the

---

[2] As to mootness, Plaintiffs contend that the Motion is not moot because their October 16 disclosure was a protective measure to comply with existing deadlines while their Motion was pending. (ECF No. 62 at PageID 465.) Because Plaintiffs disclosed their expert information out of an abundance of caution, and here seek to supplement the expert reports based solely on the late disclosure, the Court finds the Motion is not moot.

[3] Plaintiffs contend that the two pending cases "overlap factually." (ECF No. 55 at PageID 87.) Defendants disagree, arguing that if "Plaintiffs broaden the scope of this case to overlap with the substance of their IDEA due process case, [] this Court will lose jurisdiction," as "the gravamen of the claims will fall under the IDEA and require administrative exhaustion." (ECF No. 56 at PageID 395.) However, factual overlap is not the same thing as an overlap in legal claims. Subject matter jurisdiction appears undisturbed.

Parties following the November 2024 incident when L.J. was handcuffed; (2) "L.J.'s 2025 and 2026 restraint reports and behavior data," which, according to Plaintiffs, bear on causation and damages; and (3) crisis-intervention training of staff who restrained L.J., and MSCS' crisis protocols, which, according to Plaintiffs, bear on Plaintiffs' failure-to-train, ADA, and Section 504 claims, and on the reasonableness of the "handcuffed transportation" of L.J. following the November 2024 incident. (Id. at PageID 467.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance is defined broadly. Houston v. Memphis Light Gas, 2022 U.S. Dist. LEXIS 257692, *3–4 (2022). Likewise, "the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and 'is . . . within the broad discretion of the trial court.'" Clark Const. Grp., Inc. v. City of Memphis, 229 F.R.D. 131, 137 (W.D. Tenn. 2005) (quoting Lewis v. ACB Bus. Servs. Inc., 135 F.3d 389, 402 (6th Cir. 1998)).

Here, the Parties' written accounts of the incident at issue, "restraint reports," and crisis-intervention training and protocols are likely relevant to the claims, defenses, and questions presented in this case. Moreover, according to Plaintiffs, they requested many of these documents in their July 2026 Requests for Production, which strengthens the likely relevance of the later-produced documents. (ECF No. 62 at PageID 464–67.) Based on the descriptions, MSCS' documents produced on and after October 14 appear relevant to the claims and defenses in this case.

Turning to whether good cause exists to extend the expert deadlines, Plaintiffs first contend that they worked diligently to meet the October 16 deadline, serving their requests for production on July 27, quickly seeking Defendants' consent to extend the deadline upon MSCS'

October 14 Production, promptly filing its Motion to Extend before the deadline expired, and disclosing the sixty-page expert report compiled before the October 14 Production to ensure compliance with the Scheduling Order. (ECF No. 62 at PageID 465.) Defendants, in general terms, take the position that Plaintiffs were not diligent but offer no specifics. (ECF No. 56.) Thus, diligence seems to favor Plaintiffs.

Defendants do contend that extending the expert deadlines will prejudice them because extending their rebuttal deadline to November 27 will provide them with less time due to the extension coinciding with a hearing scheduled on November 17 in the IDEA Case and the "Thanksgiving holidays." (ECF No. 56 at PageID 394–95.) However, according to Plaintiffs, their "narrowed request [in Plaintiffs' Reply] removes the prejudice MSCS asserts." (ECF No. 62 at PageID 466.)

Indeed, Plaintiffs seek an extension to disclose, by November 24, any supplemental expert reports related to MSCS' later-produced materials, and seek to extend the deadline for Defendants to respond to Plaintiffs' supplemental disclosures to December 8, which is after both the scheduled IDEA hearing and the Thanksgiving holiday. Defendants will thus have sufficient time to review and respond to Plaintiffs' disclosures. Additionally, Plaintiffs do not seek to extend any other established deadlines.

Given Plaintiffs' diligence and the lack of prejudice to Defendants given the adjusted response time, good cause exists to extend the expert deadlines. Thus, the Motion is **GRANTED** to the extent that any supplemental reports are based on the material disclosed by MSCS on or after October 14. Plaintiffs **SHALL** disclose the supplemental expert information related to the later-produced MSCS materials on or before **NOVEMBER 24, 2026**, and

Defendants' rebuttal deadline to Plaintiffs' October 16 and November 24 disclosures[4] **SHALL** be **DECEMBER 8, 2026**.

**IT IS SO ORDERED,** this 4th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

[4] Plaintiffs propose to keep Defendants' November 13 rebuttal deadline intact as to Plaintiffs' October 16 disclosures. However, finding no reason to complicate matters further, Defendants may serve all rebuttal disclosures on or before December 8.