**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| L.J., a minor, by and through his next friend and Mother, CETERA JONES; and CETERA JONES, individually,<br><br>Plaintiffs,<br><br>v.<br><br>MEMPHIS-SHELBY COUNTY SCHOOLS; BRYANT PARKER, School Resource Officer, in his individual capacity; NEKIA PATTON, in her individual capacity; RHONDA MITCHELL, in her individual capacity; and JOHN/JANE DOES 1–10,<br><br>Defendants. | ) | No. 2:25-cv-03070-SHL-tmp |

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT, AND DENYING AS MOOT DEFENDANTS MSCS', PATTON'S, AND MITCHELL'S MOTIONS FOR JUDGMENT ON THE PLEADINGS**

Before the Court are Defendants Memphis-Shelby County Schools', Nekia Patton's, and Rhonda Mitchell's Motions for Judgment on the Pleadings, (ECF Nos. 31–33), and Plaintiffs' Motion for Leave to File Second Amended Complaint. (ECF No. 35.) In their Motions, MSCS, Ms. Patton, and Ms. Mitchell (collectively "MSCS Defendants") contend that Plaintiffs' claims should be dismissed because (1) they are conclusory, speculative, and lack sufficient factual allegations to state cognizable claims, and (2) the "well[-]pled factual allegations" in the MSCS Defendants' Answers "show that Plaintiffs' claims are implausible" as a matter of law. (ECF No. 31 at PageID 157; ECF No. 32 at PageID 176; ECF No. 33 at PageID 188.)

Plaintiffs seek to amend their complaint to "clarify the pleadings, add factual detail responsive to the issues raised in Defendants' motions, avoid unnecessary motion practice over pleading form, and ensure that this case is decided on the merits." (ECF No. 35 at PageID 204.)

Defendants oppose Plaintiffs' Motion. (ECF No. 43.)

For the reasons described below, Plaintiffs' Motion to Amend is **GRANTED**, and the MSCS Defendants' Motions for Judgment on the Pleadings are **DENIED AS MOOT**.

## I. BACKGROUND[1]

On November 22, 2025, then-second grader L.J. "experienced a disability-related behavioral" episode at school. (ECF No. 35-1 at PageID 210.) L.J. was separated from other students and taken to Defendant Principal Patton's office. (Id. at PageID 215.) Patton called for assistance from the school security officer, Defendant Parker. (Id.) The Parties dispute the events that transpired once Parker responded to Patton. According to Plaintiffs, Parker "threw L.J. into a bookcase and onto the ground, wrenched his arms behind his back, and handcuffed" L.J. (Id.) The Parties agree that Parker placed L.J. in metal handcuffs, but Plaintiffs contend that L.J. was not actively fighting when he was handcuffed. Once handcuffed, L.J. was placed in the backseat of Parker's security vehicle and transported home. (Id. at PageID 216.) Patton and L.J.'s special-education teacher, Defendant Mitchell, accompanied Parker and L.J. in the vehicle as L.J. was driven home. (Id.)

Plaintiffs filed this lawsuit in November 2025.. (ECF No. 1.) They filed their First Amended Complaint in December 2025, and now seek leave to file a Second Amended Complaint. (ECF Nos. 8, 35.)

## II. ANALYSIS

Although the initial motions at issue here are MSCS Defendants' Motions for Judgment on the Pleadings, the amended complaint, if permitted, would moot those Motions. Therefore,

---

[1] The background is primarily taken from Plaintiffs' proposed Second Amended Complaint.

the analysis begins with consideration of Plaintiffs' Motion for Leave to File Second Amended Complaint. MSCS Defendants oppose Plaintiffs' Motion, contending that the proposed Second Amended Complaint would be futile. (ECF No. 43 at PageID 298.)

When the time to amend a pleading as a matter of right has expired, and an adverse party does not consent to amendment, a party may nevertheless amend with leave of a court. Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason[,] such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment," leave to amend should be freely given. Foman, 371 U.S. at 182. Whether to grant leave to amend is committed to the court's sound discretion. Id. "The Sixth Circuit has remarked that 'the case law in this Circuit manifests liberality in allowing amendments to a complaint.'" In re AME Church Employee Retirement Fund Litigation, 2024 WL 5690584, at *3 (W.D. Tenn. October 30, 2024) (quoting Newberry v. Silverman, 789 F.3d 636, 645 (6th Cir. 2015)). The party opposing a motion to amend bears the burden of establishing that the proposed amendment would be futile. Cleveland Communications, Inc. v. Lorain County Board of Commissioners, 2024 WL 3878303, at *2 (N.D. Ohio Aug. 20, 2024) (citing White v. Emergency Med. Billing & Coding Co., 2013 WL 2551919, at *4 (E.D. Mich. Aug. 28, 2013) (collecting cases)).

Here, as an initial matter under Rule 15, there is no evidence of any undue delay, bad faith or dilatory motive, or undue prejudice to support denying leave to amend, nor have MSCS Defendants raised those arguments. Rather, MSCS Defendants argue that Plaintiffs' proposed Second Amended Complaint would be futile.

Although Rule 15 encourages that leave to amend should be freely granted "when justice so requires," leave may be denied if amendment "would be futile, i.e., if the amended complaint would not withstand a motion to dismiss for failure to state a claim." Doe v. Michigan State Univ., 989 F.3d 418, 427 (6th Cir. 2021) (citing Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000)). "To survive a motion to dismiss, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although a complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." Twombly, 550 U.S. at 555. When reviewing a complaint, a court must construe the pleading in the light most favorable to the plaintiff. Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir.1998).

Here, in Plaintiffs' proposed Second Amended Complaint, they allege that when L.J., a student receiving special education services, was thrown into a bookcase and onto the ground, then forcefully restrained with metal handcuffs by the school security officer, despite Tennessee's prohibition as to the use of mechanical restraints on students, Parker used excessive force, violating L.J.'s constitutional rights under the Fourth and Fourteenth Amendments. (Id. at PageID 221–26.) They also allege that Defendants' actions violated L.J.'s protections under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. (Id. at PageID 226–29.) They contend that staff relied on MSCS' Policy 6053 to support their actions, but the

vagueness of that policy led staff to "confuse immediate physical safety actions with prohibited mechanical restraints." (Id. at PageID 220.) Moreover, Plaintiffs allege that Defendant MSCS' policies, practices, and failures were "the moving force behind the constitutional violations suffered by L.J.," that MSCS "failed to ensure adequate training, supervision, and safeguards regarding de-escalation, disability accommodations, and the lawful limits of force, and that MSCS was deliberately indifferent to the predictable consequences that students like L.J. would be subjected to unlawful seizures and excessive force." (Id. at PageID 219.)

In response to Plaintiffs' Motion to Amend, MSCS Defendants argue that Plaintiffs' proposed Second Amendment would be futile. MSCS Defendants' futility argument focuses on Plaintiffs' alleged admission that L.J. was fighting. They contend that because the regulations and MSCS policy allow for mechanical restraints when a student is fighting, Plaintiffs' proposed Second Amended Complaint, which they argue concedes that L.J. was fighting when he was handcuffed, would be futile. (Id. at PageID 300.) MSCS Defendants contend that, in Plaintiffs' First Amended and proposed Second Amended Complaints, Plaintiffs "admitted L.J. 'threw objects and struck staff.'" According to Defendants, Plaintiffs also allege in their proposed Second Amended Complaint that "[a]t the time Defendant Parker placed L.J. in metal handcuffs, no fight was ongoing[,]" and that "L.J. had been separated from other students and was in the office or conference room area with adults." MSCS Defendants argue that these statements are contradictory to Plaintiffs' alleged admission that L.J. struck staff because when L.J. allegedly struck staff, he was fighting. (Id.)

However, Defendants' futility arguments ignore the specific language used by Plaintiffs and instead demonstrate a factual disagreement between the Parties. Contrary to Defendants' assertions, Plaintiffs have not admitted that L.J. was actively fighting when he was handcuffed

by Parker. In both the First Amended Complaint and proposed Second Amended Complaint, Plaintiffs allege that "L.J. experienced a disability-related behavioral episode during which he **allegedly** threw objects and struck staff." (ECF No. 8 at PageID 52 (emphasis added).) Plaintiffs state that it is **alleged** that L.J. struck staff, not that he did strike staff. Thus, MSCS Defendants' argument that Plaintiffs have contradicted themselves is incorrect according to the language of Plaintiffs' allegations. Because Plaintiffs have not conceded that L.J. was "fighting" when Parker handcuffed him, Defendants' futility argument fails. Defendants factual dispute on this point is not to be considered at this stage, when all factual allegations by Plaintiffs are assumed to be true.

Defendants also argue that mechanical restraints are allowed by operation of law when a student is fighting, and thus Defendants perpetrated no misconduct when they used mechanical restraints on L.J. However, again, Plaintiffs have not conceded that L.J. was fighting when handcuffed. Moreover, the Parties interpret the applicable policy and regulations differently. Specifically, they disagree as to whether the applicable law ever permits mechanical restraints to be used on a student, especially one like L.J., who receives special educations services.[2]

Viewing the facts in the light most favorable to Plaintiffs, as the Court must do at this stage, Plaintiffs have sufficiently pled that L.J. was handcuffed by Parker in violation of MSCS policy and applicable law, causing and leading to Defendants' violations of L.J.'s

---

[2] Specifically, MSCS Defendants contend that Tenn. Code Ann. § 49-10-1305(h) provides an exception for the use of mechanical restraints when a student is fighting. (ECF No. 43 at PageID 300.) On the other hand, Plaintiffs assert that the exception allows only for physical restraint "in a true emergency involving imminent danger of serious physical harm, never to compel compliance or as punishment," and that the restraint "can never be mechanical or chemical." (ECF No. 35-1 at PageID 211.) Plaintiffs further argue that mechanical restraints are never to be used on a student receiving special education services, citing Tenn. Code Ann. § 49-10-1305(c). (Id.)

constitutionally and statutorily protected rights. MSCS Defendants have not met their burden to establish futility.

Therefore, Plaintiffs' Motion to Amend is **GRANTED**. Plaintiffs **SHALL** file their Second Amended Complaint as a separate docket entry **WITHIN FIVE DAYS** of this Order.

The filing of the amended complaint renders MSCS Defendants' Motions moot, as "[a]n amended complaint, once filed, normally supersedes the antecedent complaint. Thereafter, the earlier complaint is a dead letter and no longer performs any function in the case." Bituminous Cas. Corp. v. Tindle Enters., Inc., 2009 WL 2843375, at *4 (W.D. Tenn. Aug. 31, 2009) (citation modified) (quoting Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008)). MSCS Defendants' Motions for Judgment on the Pleadings are therefore **DENIED AS MOOT**.

**IT IS SO ORDERED,** this 20th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE